Spalding, J.
The question for decision is, whether an indorsement of the cause of action and of the amount appearing to be due, is required to be made upon a writ of attachment.
It might be deemed “ sharp practice ” to take the body of a garnishee to answer a claim of two hundred and seventy dollars, when he has in possession, within the jurisdiction of the court, one hundred and fifty head of cattle belonging to the absent debtor, even though we had no statute law abolishing imprisonment for;¡debt.
But, waiving all considerations of this sort, how stands the act regulating the practice of our courts in the issuing of mesne process ? It provides, “ that any person demanding a writ, *500 shall file a prsecipe with the clerk of the court, who. shall thereupon make out and deliver such writ as may be required; and, in all cases of mesne process, he shall indorse thereon the cause of action and the amount appearing to be due, or sworn to, as the same may be stated in the prsecipe or affidavit to hold the defendant to bail.”
It will hardly be pretended that a capias ad respondendum in attachment is not a mesne process; and if it be the policy of the law to give to the real debtor an opportunity to exone rate his person from imprisonment by paying the amount in dorsed on the writ, when suit is prosecuted against him in the ordinary way, much more, it would seem to us, should a third person be protected from arreSt if willing to pay the officer the sum claimed by the creditor.
To enable him to do this, the law has wisely provided that, in all cases of mesne process, the amount appearing to be due, or sworn to, as the same may be stated in the prsecipe or affidavit to hold to bail, shall be indorsed by the clerk upon the writ.
We hold the rule to be a beneficial one, and applicable to all cases of mesne process, but more especially to the very strin-, gent process of a capias ad respondendum against a garnishee.
The judgment of the supreme court for the county is affirmed. „